[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
The sole issue in this case is when the Defendant, Valerie S. Gozzo's, obligation arose as guarantor of the subject note, before or after October 1, 1993. If before, when she signed as a guarantor, then Plaintiff would be entitled to a judgment. If after October 1, 1993, then the Homestead Exemption is applicable, and she should be entitled to judgment.
Plaintiff argues that § 34-327(a) of the General Statutes makes the Defendant, Valerie S. Gozzo, hereinafter also called the "Defendant", as a general partner in the general partnership that executed the subject note is primarily liable. The Court rejects this argument on the basis that said section is based upon Public Act 95-341 which wasn't effective until July 1, 1997, long after signing of the note and the guaranty. Accordingly, said § 34-327(a) is not applicable in this case. CT Page 9630
Further, in a 1995 action to foreclose the mortgage securing the note, the plaintiff in that action did not allege the Defendant to be primarily liable, but, instead, brought the action against her as a guarantor. Therefore, the Plaintiff is estopped from now claiming that she was primarily liable. This Court concludes that the Defendant was only a guarantor and was not primarily liable.
The guaranty provides that the signatories guaranteed ". . . the full and prompt payment when due . . . of all obligations of the debtor to this institution
The Court further finds that when the default occurred was not litigated in the prior action for foreclosure. The fact that the Court accepted the affidavit of debt indicating that interest was owed from 1/2/93 to 11/16/93 and from 11/17/93 to 6/24/96 was not sufficient to conclude that the issue was fully and fairly litigated in the foreclosure action. Therefore, the issue of when the default occurred is not subject to collateral estoppel.
There is a genuine issue of material fact as to when the default occurred. The Defendant has alleged that the Plaintiff or its predecessor accepted a payment by G G Associates to Shawmut Bank dated June 27, 1994 in the amount of $4,500.00 representing payment under the promissory note for the month of June 1994. It would appear, therefore, that the acceptance of the payment means that the note did not go into default until June 1994 at which date the Homestead Exemption applied. This is particularly so because the Court's review of the promissory note does not contain any language that says that "payments made after default will be accepted but will not cure the default". However, this Court is not willing to take the submission of that one check as evidence that the default did not occur until June 1994.
There is still an issue of when the default occurred, and that is an issue which precludes this Court from granting summary judgment to the Plaintiff or the Defendant. Accordingly, the cross-motions for summary judgment are denied without prejudice.
In order to fully obtain the facts regarding the payment history of this loan, the plaintiff is hereby ordered that within 30 days of the date hereof to provide to said Defendant all documents, correspondence, canceled checks, and any other information pertaining to the loan from State Savings Bank to G 
G Associates from the date of the note through today's date. Any CT Page 9631 further action on this case is stayed until such information is provided to the Defendant. If such information is not provided as ordered, the Plaintiff will be subject to a motion for nonsuit.
Rittenband, J.